[No. 12437.   In Bank. — March 3, 1890.]

# W. BEWICK ET AL., RESPONDENTS, *v.* WILLIAM MUIR ET AL., APPELLANTS.

SUMMONS — STATEMENT OF NATURE OF ACTION. — A summons is sufficient if it states the nature of the action in general terms. It is unnecessary to state whether the right to the money sought to be recovered accrued from work and labor, or from goods sold and delivered, or to state the kind of lien sought to be foreclosed, or on what property such lien attaches. The object of the requirements of the statute as to what the summons shall contain are carried out by a general statement of what is specialized in the complaint, to which the summons points expressly or by implication of law, and it is immaterial whether a copy of the complaint is served with the summons or not on the party objecting to its sufficiency.

FORECLOSURE OF MECHANICS' LIENS — PROMISE TO PAY — NON-PAYMENT — FINDINGS. — In an action to foreclose liens for labor performed upon a mine, etc., where the complaint alleges the performance of labor for which the defendant promised to pay at a fixed rate, and that the amount due therefor is unpaid, and the answer denies each of these allegations, findings that the labor was performed, and that on a certain day specified before the commencement of the action there was due therefor an unpaid balance specified, fail to pass upon material issues, and are insufficient to support a judgment for plaintiff. The precise question in issue should be found as to the promise, and also that a sum of money was due and unpaid the day the action was brought.

ID. — MORTGAGE LIEN — PRIORITY — FRAUD — WANT OF CONSIDERATION — FINDINGS. — When the complaint in an action to foreclose certain mechanics' liens alleges that a mortgage claimed by one of the defendants, which was prior in date to most of the liens, was without consideration, and was executed to defraud the plaintiffs, a finding that the mortgage was without consideration, without a finding upon the question of fraud, will not support a decree ordering the proceeds of the property to be applied first to the payment of the plaintiffs' claims. Those of the plaintiffs whose liens were subsequent in date to the mortgage could attack it only upon the ground that it was made to hinder, delay, or defraud creditors. The mere fact that it was without consideration is not equivalent to this.

ID. — LIEN UPON MINING CLAIM — MINING GROUND — PATENTED LAND. — A lien for work and labor may be taken upon mining ground owned by a patentee of the United States. The words "mining claim," in the statute, include "mining ground" and all "mines," whether the title thereto is inchoate or perfect. But the lien will not extend to adjacent land which is not mineral in its character, though the inclusion of non-mineral land in the notice of lien will not vitiate it if any part of the land is a mine, the court having power to adjust the rights of the parties by its decree. The phrase "mining ground," used in the findings, is sufficient to denote the property upon which the lien is claimed.

ID. — USE OF MATERIALS FURNISHED — FINDING. — There should be a find-
ing that materials furnished for the working of a mining claim had been
used in the work done on the mine. If not used, there can be no lien
therefor.

APPEAL from a judgment of the Superior Court of
Placer County.

The facts are stated in the opinion of the court.

*R. Percy Wright*, for Appellants.

*C. A. & F. P. Tuttle, Jo Hamilton, Naphtaly, Friedcn-
rich & Ackerman*, and *Gray & Haven*, for Respondents.

SHARPSTEIN, J. — This was an action to foreclose a
number of liens upon a mine for labor and materials,
under the act of 1880. There were forty-five plaintiffs,
each claiming a separate lien. Judgment was given for
the plaintiffs, and two of the defendants appealed.

1. The summons is sufficient. It states the nature of
the action in general terms, and this is all the statute.
requires. It is apparent from the statements of the
summons that the action in which it was issued was to
recover money and to foreclose liens. This is the gen-
eral nature of the action. It is unnecessary to state
whether the right to the money sought to be recovered
accrued from work and labor, or from goods sold and
delivered, or to state the kind of lien, or on what prop-
erty the lien attached. All these things appear in
the complaint on file, of which filing he is notified by
the summons, and if he is not notified, he is bound in
law to know it. He is bound to know that a complaint
has been filed; for otherwise a summons could not issue.
It makes no difference that a copy of the complaint is
not served on the party moving. The above is in accord-
ance with the *dictum* in *Lyman* v. *Milton*, 44 Cal. 631.
The summons states what the statute requires and all
that is needful. The cases decided in *Lyman* v. *Milton,
supra*, as also *Ward* v. *Ward*, 59 Cal. 141, were different

from this, and, as said above, there is a compliance with the *dictum* in the former case and with the statute. Why require that to be inserted in the summons which must appear in the complaint? Our practice is cumbersome enough without its being made more so by judicial decision. We cannot understand how it can be said that the summons does not contain "a statement of the nature of the action in general terms." The Code of Civil Procedure provides (which is equivalent to a command to all of the courts of the state) that all its provisions are to be liberally construed, with a view to effect its objects and to promote justice. (Code Civ. Proc., sec. 4.) The objects of the requirements of the statute as to what the summons shall contain are carried out by serving it with a general statement which is *specialized* in the complaint, and it is injustice to turn a party out of court or reverse a judgment on a view of the summons *merely technical,* when the summons points to the complaint where the particular statement is made; and if a copy of the complaint is not served on the moving party, he knows where to find it. When the motion was made at the bar of the court, the complaint was no doubt within reach, or it could have been procured in a moment. *King* v. *Blood,* 41 Cal. 316, is precisely in point, and treats the question as it is here, as a perusal will at once show. The court did right in denying the motion.

2. The findings are insufficient to support the judgment against the appellant Trumbo. In each count it was alleged that the plaintiff performed labor, etc., that the defendant promised to pay therefor at a fixed rate, and that the sum due therefor was unpaid. These allegations were denied in each case, and the findings are simply of the performance of the labor, and that on a certain day (before the commencement of the action) "*there was due* for said work and labor an unpaid balance of $——" (naming it).

A finding that a certain sum was "due and unpaid"

at a day anterior to the beginning of the action was not a finding of a promise to pay at a fixed rate, or any rate, or that any amount was due and unpaid at the commencement of the action. The money thus due and unpaid might have been paid before the day last mentioned, and the court cannot say, as matter of law, that any amount was due when suit was commenced. The precise question in issue should be found, as also that a sum of money was due and unpaid on the day the action was brought. These issues are material. As to the latter, as showing its materiality, it may be observed that plaintiff could only have a lien for the money which was due and unpaid on the day he began his suit.

3. The appellant Trumbo was alleged to claim a lien upon the property by virtue of a mortgage which appears to have been made before most of the plaintiffs' liens attached. The complaint alleged that this mortgage was without consideration, "and in fraud of the plaintiffs." The question as to the priority of this mortgage over the plaintiffs' liens was a material one. The court found that it was without consideration, but made no finding as to fraud. The decree was that the property should be sold, and the proceeds applied first to the payment of the plaintiffs' claims. In this there was error. Assuming, for the purposes of the opinion, that the bare statement that the mortgage was "in fraud of the plaintiffs" is a sufficient averment that it was made for the purpose of hindering, delaying, or defrauding creditors, the court should have found upon the question of fraud. Those of the plaintiffs whose liens were subsequent in point of time to the mortgage could attack it only upon the ground that it was made to hinder, delay, or defraud creditors. The mere fact that it was without consideration is not the equivalent to this. (Civ. Code, sec. 3442.) It was error, therefore, to decree that all the plaintiffs should be first paid out of the proceeds of sale in the absence of a finding of fraud.

4. The appellants make certain points which turn upon the meaning of the term " mining claim," as used in the statute. (See Code Civ. Proc., sec. 1183, as enacted in 1880.) It is said that it appears that the owners of the mine had obtained a patent therefor, and that therefore it was not a " mining claim," properly so called; and that the term " mining ground," used in the findings, is not the equivalent to " mining claim." We think that for the purposes of the law it makes no difference whether the owners had obtained a patent or not. If this is not so, it would follow that a laborer upon a mine for which a patent had issued from the government has no lien. This is not the meaning of the law. The words " mining claim," as used in the law, has no reference to the different stages in the acquisition of the government title. In our opinion, it includes all mines, whether the title is inchoate, as in the case of a mining claim in its strict sense, or perfect, as in the case of a fee-simple title. It may not make any difference if the title to the mine had passed under a Spanish grant. The decision in *Williams* v. *S. C. M. Ass'n*, 66 Cal. 193, is not in conflict with this. Although there are some expressions in the opinion in that case which seem to countenance the opposite view, we think that what was decided was merely that the adjacent land, which the defendant held under a Spanish grant, was not mineral land, or appurtenant thereto. Such land was, therefore, not a mine or a mining claim in any sense, and consequently was not liable as such.

If it shall turn out that some of the land involved here was of that character, then it is not liable. But its inclusion in the notice of lien does not vitiate it if any part of it was a mine. The court can adjust the rights of the parties by its decree. (*Malone* v. *Big Flat Co.*, 76 Cal. 583.) We think, also, that the phrase " mining ground," used in the findings, is sufficient to designate and include the property upon which liens were claimed.

There should be a finding that the materials furnished had been used in the work done.   If not used, there can be no lien by the material-man against the owner.   (*Silvester* v. *Coe Q. M. Co.*, 80 Cal. 510.)

The judgment is reversed, and the cause remanded for a new trial.

THORNTON, J., BEATTY, C. J., McFARLAND, J., FOX, J., and PATERSON, J., concurred.