JAMES H. FALCONER v. THOMAS COCHRAN and Others.[1]

May 27. 1897.

| 68 | 405 |
| f78 | 217 |

Nos. 10,597—(147).

## Mechanic's Lien—Limitation of Actions.

In an action to foreclose a mechanic's lien, the commencement of the action against the owner of the property does not preserve the lien as against other lien holders or incumbrancers beyond the statutory period for bringing such an action. Smith v. Hurd, 50 Minn. 503, followed.

## Res Judicata.

Rule followed that a judgment is not evidence against those not parties or privies to it of the existence, prior to its rendition, of any of the facts upon which it was founded.

Appeal by defendant Allan Black from a judgment for plaintiff entered in the district court for Ramsey county, after a trial before Otis, J. Affirmed.

*James H. Barnard*, for appellant.

Where in an action to foreclose a mechanic's lien, a mortgagee appears by attorney without authority, and where in such action a court of competent jurisdiction finds, after a trial on the merits, that such mechanic's lien claim is in fact prior to such mortgagee's interest, a court of equity will not reform such mortgage in a subsequent action by the mortgagee for that purpose, so as to defeat such mechanic's lien claim. Up to the time of the commencement of the action by respondent to reform and foreclose his mortgage, respondent had no valid interest in the premises, for the reason that an estate in real property must vest in a person. Morrison v. Mendenhall, 18 Minn. 212 (232); Gille v. Hunt, 35 Minn. 357. So that when the action to foreclose the mechanic's lien was commenced, the respondent having no valid interest in the premises, was not a necessary party, and by his own showing was not made a party. Through the fraud of respondent's attorney the trial court, as well as appellant, was led to believe that a bona fide appearance had been made by respondent in the mechanic's lien foreclosure suit, and relying on that appearance, the case was tried on its merits. In view of these facts the equity of

[1] Reported in 71 N. W. 386.

appellant is at least equal to that of respondent, and equity demands that the claim of appellant should prevail. White v. Denman, 16 Ohio, 59. The universal rule is to give a mortgagee, not a party to a lien foreclosure suit, the right of redemption. Whitney v. Higgins, 10 Cal. 547; Gamble v. Voll, 15 Cal. 507; Evans v. Tripp, 35 Iowa, 371; Jones v. Hartsock, 42 Iowa, 147.

*Bigelow & Taylor,* for respondent. .

That a mechanic's lien claimant must commence his action against all persons who have any interest in the property within the period provided by statute in order to preserve his lien as to such persons, is settled law in this state. Smith v. Hurd, 50 Minn. 503. Any deed or contract by which it is intended to impose a lien upon real or personal property as security for a debt or obligation, but which is wanting in one or more of the legal characteristics of a common law mortgage, will be enforced in equity as an equitable mortgage and no reformation is necessaray. 1 Jones, Mort. §§ 162, 168; Ketchum v. St. Louis, 101 U. S. 306; Payne v. Wilson, 74 N. Y. 348; 2 Story, Eq. Jur. § 1231; McQuie v. Peay, 58 Mo. 56; Miller v. Rutland, 36 Vt. 452; McClurg v. Phillips 49 Mo. 315; Daggett v. Rankin, 31 Cal. 327; Love v. Sierra, 32 Cal. 639; Abbott v. Godfroy, 1 Mich. 179; Gale v. Morris, 29 N. J. Eq. 222.

MITCHELL, J. Action to foreclose a mortgage, commenced in July, 1896. There being neither a "case" nor bill of exceptions, the only question presented by the record is whether the conclusions of law and order for judgment are supported by the findings of fact.

The material facts found are, briefly, as follows: The plaintiff is the sole executor of the estate of Martha Falconer, of New York, deceased. On June 19, 1893, the defendant Silas B. Walsh executed to the plaintiff, by the name or title "Estate of Mary Falconer," the mortgage sought to be foreclosed. In May, 1894, the defendant Black brought an action to enforce a mechanic's lien for material and labor alleged to have been furnished by him in repairing a building on the premises described in plaintiff's mortgage. In that action the mortgagor, Walsh, was made a defendant, and the present plaintiff was also named as a defendant, but the summons was never served on him, and he never appeared in the action, but an attorney, without any au-

thority, entered an appearance for him, and a judgment was entered in October, 1894, adjudging that there was due Black on said lien $388, and that the same was a specific lien upon the premises from and after June 10, 1893, and superior to the lien of plaintiff's mortgage, and ordering that the premises be sold to satisfy the judgment. The premises were sold on that judgment in December, 1894, and bid in by the defendant Black, the sale confirmed by the court, and from that sale there had been no redemption. In May, 1896, upon the special appearance and motion of the plaintiff, that judgment was, as to him, in all things vacated and set aside on the ground that no jurisdiction of his person had ever been acquired.

From these facts the court found as a conclusion of law, that the interest of the plaintiff under his mortgage was prior and superior to the interest of the defendant Black, and that he, as well as the mortgagor, be foreclosed of all right, estate, or lien in or to the premises, except the usual right of redemption. The propriety of the order of the court in setting aside and vacating, as to the present plaintiff, the judgment in Black's action to foreclose his alleged lien is now wholly res adjudicata in that action, and, as to plaintiff, that judgment is res inter alios acta, and evidence of nothing except the fact of its rendition, and as a link in Black's chain of title by which he has acquired the interest of the mortgagor, Walsh, in the premises. Black has never foreclosed or enforced his lien as against the plaintiff. The commencement of an action for that purpose against the owner of the equity of redemption, Walsh, did not preserve the lien as against the plaintiff. Smith v. Hurd, 50 Minn. 503, 52 N. W. 922. The time for commencing such an action had expired long before the commencement of the present action. Hence all that is now left to Black is to stand in the shoes of Walsh, the mortgagor, as owner of the equity of redemption from plaintiff's mortgage.

But, independently of this reason, the court nowhere finds any facts from which it is made to appear that Black ever in fact had any lien on the premises. All that he pleads in his answer, or that the court finds, is the rendition of the judgment against Walsh, and the sale of his interest under that judgment to Black. As already suggested, that judgment is not evidence against plaintiff of any of the facts upon which it professes to have been rendered. Corser v. Kindred,

40 Minn. 467, 42 N. W. 297. Hence, under any view of the case, the facts found entirely fail to show that Black is entitled to anything except what was granted to him, viz. the right to redeem from the sale on plaintiff's mortgage. In this action plaintiff asked for and obtained a reformation of his mortgage by inserting his name before the words, "Estate of Martha Falconer." Counsel urges that the court ought not to have granted this relief, "so as to defeat Black's lien claim," or, at least, ought not to have granted it except upon condition that plaintiff waived the statute of limitation. Assuming, without deciding, that plaintiff required any such relief, and in other respects showed himself entitled to it, the fact that the mortgage would be prior to any interest in the premises which Black then had, furnished no good reason for denying the relief, or any reason why it should be granted subject to the condition that plaintiff should waive the statute as to a lien which was already extinguished, and which Black did not even plead in his answer.

Order affirmed.