[S. F. No. 3447. In Bank.—July 26, 1904.]

## KATE FRATES, Appellant, v. J. R. SEARS, and J. B. REDFIELD, Respondents.

PRIOR FORECLOSURE—PARTIES—SECOND MORTGAGE—STATUTE OF LIMITATIONS.—The right of a second mortgagee to rely upon the statute of limitations as against a prior mortgagee who foreclosed his mortgage and became a purchaser thereunder without making the second mortgagee a party, cannot be affected by any agreement or act by and betweeen the mortgagor and first mortgagee alone, to which the second mortgagee was not a party, and is the same as if no foreclosure of the prior mortgage had been had.

ID.—OBJECTION TO EVIDENCE—BAR OF STATUTE.—Where the first note and mortgage were barred at the time of an answer of the prior mortgagee setting up the prior foreclosure, the second mortgagee

had the right, when the prior judgment of foreclosure was offered in evidence, to avail himself of the bar of the statute, by way of objection to the introduction of such evidence.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion.

B. McFadden, for Appellant.

Cary Howard, for J. B. Redfield, Respondent.

GRAY, C.—This action is to foreclose a mortgage. The mortgagor and Redfield, a prior mortgagee, were made defendants. The plaintiff was denied all relief except a personal judgment against Sears, the mortgagor, for $1,412.25, the amount of her claim, and she appeals from the judgment.

The defendant Redfield held a note and mortgage on real estate against the defendant Sears for eight hundred dollars, dated April 21, 1893, and due one year after date. The plaintiff, Frates, held a note and mortgage on the same real estate against said Sears for seven hundred and fifty dollars, dated December 6, 1893, and due March 1, 1894. On November 21, 1895, defendant Redfield commenced suit to foreclose his mortgage, and on February 29, 1896, had judgment of foreclosure therein, and thereafter the property was sold in said case and bought in by Redfield for the amount of his judgment and the expense of the sale. In this Redfield foreclosure case the second mortgagee, the plaintiff herein, Frates, was not made à party, although her mortgage was recorded before the suit was begun. Thereafter, on February 23, 1898, this suit was begun by Frates to foreclose her said mortgage for seven hundred and fifty dollars on the same property. She made both Sears and Redfield parties defendant and alleged in her complaint that Redfield ''has or claims to have some interest in or claim upon the said real property or some part thereof as purchaser, mortgagee, judgment creditor, or otherwise,'' but that the same was subject to the lien of plaintiff's mortgage. A demurrer to the complaint was filed and overruled, and on March 22, 1901, the defendant Redfield filed his answer, in which he set out the facts in relation to the first note and mortgage and the foreclosure thereof as above stated.

Upon the trial of the case, defendant offered in evidence the judgment-roll in the first suit, and plaintiff objected thereto as incompetent on the grounds following: ''1. That plaintiff was not a party to the foreclosure action mentioned in said judgment-roll, and is not and could not be bound or affected by the judgment given in said action or by any of the proceedings had therein, or had under said judgment; 2. That said defendants Joseph R. Sears and J. B. Redfield could not by any act of theirs, to which plaintiff was not a party, whether by voluntary agreement or by action of foreclosure, extend or prolong the time of payment of the Redfield note and mortgage, so as to prevent the running of the statute of limitations against them in favor of plaintiff, and that at the time the defendant Redfield filed his answer herein, said note and mortgage were and are now barred by the provisions of sections 312, 335, and 337 of the Code of Civil Procedure of this state; 3. That what said defendants Sears and Redfield themselves could not voluntarily do the court could not by its judgment in said action of foreclosure do for them. They could not by any agreement to which plaintiff was not a party, nor could the court by its judgment in said action, to which plaintiff was not a party, extend or prolong the time of payment of said Redfield note or mortgage so as to prevent the statute of limitations from running against them in favor of plaintiff; 4. That to affect or cut off the plaintiff's right to plead the statute of limitations against the Redfield note and mortgage, it was not only necessary for defendant Redfield to commence action upon his note and mortgage within four years from date of maturity against the maker of the same, which he did, but also against the plaintiff, which he did not; 5. That the court by its judgment in said action, in determining the matters in controversy therein, or in declaring or adjudging the rights of the parties thereto, or as affecting the rights of plaintiff, who was not a party thereto, had not the power to do anything which the parties themselves to such action had not the power to do by their own voluntary act in relation to the same matters or rights, without the aid of the court; 6. That the note and mortgage mentioned in said judgment-roll, which are the same note and mortgage described in the answer of said J. B. Redfield and alleged therein to have been executed to him by said defendant Sears,

were at the time of the filing herein of said answer and now are and each of them is barred by the provisions of sections 312, 335, and 337 of the Code of Civil Procedure of this state." . This objection was overruled, as was also a similar objection made to the introduction of the Redfield note and mortgage, and the plaintiff excepted to the action of the court in both instances.

We think the court erred in overruling those objections. It is clear that plaintiff's interest and rights under her mortgage, antedating as it did the Redfield foreclosure, could not be affected by that suit without making her a party thereto. The statute of limitations and the second mortgagee's right to rely upon it as against the first mortgage cannot be affected by any agreement or act by or between the mortgagor and first mortgagee to which the second mortgagee is not a party. This is clearly illustrated and the authorities very fully cited in *Brandenstein* v. *Johnson,* 140 Cal. 29. And the principle of that case applies here. Redfield has never foreclosed his mortgage as against Frates, and Frates has the right to treat the case as if no foreclosure of the first mortgage had ever been had. This is so laid down in *Falconer* v. *Cochran,* 68 Minn. 405, a case exactly similar to the one before us. In this Minnesota case a mechanic's lien had been foreclosed, and though a mortgagee of the property was made a party to that foreclosure suit, no jurisdiction of the person of said mortgagee was obtained; and it was held that the commencement of the action to foreclose the mechanic's lien against the owner of the property did not preserve the lien as against other lienholders or encumbrancers, of whom no jurisdiction had been obtained, beyond the statutory period for bringing such an action, and that in a suit by the mortgagee in such a case, the mechanic's lien being barred by the statute, the interest of the plaintiff under his mortgage was prior and superior to the interest of the lienholder, and the latter as well as the mortgagor was properly foreclosed by the trial court of all right, estate, or lien in or to the premises except the usual right of redemption. All that was left to the lienholder was to stand in the shoes of the mortgagor, whose right he had acquired by foreclosing his mechanic's lien, and redeem from the mortgage, against which his prior claims were barred by the statute of limitations. The appellant here, not being

bound by the judgment in the foreclosure of the prior mortgage, to which she was not a party, and the prior note and mortgage being barred by the statute of limitations at the time they were first set up in the answer of the foreclosure case of the second mortgage, plaintiff's objection upon that ground to their introduction in evidence should have been sustained, and the overruling of that objection was fatal error.

Respondent cites and relies upon the case of *Carpentier* v. *Brenham,* 40 Cal. 221, to sustain the action of the lower court. It is not held in that case that the second mortgagee cannot rely upon the statute of limitations as against the prior mortgage, but on the contrary, the right of the second mortgagee to avail himself of the statute as against the first mortgagee is expressly recognized, for the opinion says: "If the mortgage to Moss had not been foreclosed, and had remained a valid subsisting and unsatisfied lien upon the mortgaged premises, it would, of course, have been entitled to priority over the junior mortgage, *so long as it was not barred by the statute of limitations.*" It would seem from the statement of the facts in this Carpentier case that the statute of limitations was available to the plaintiff, who was seeking to foreclose a second mortgage as against the first mortgage, which had been foreclosed without making the second mortgagee a party. But the court does not in terms say whether the plaintiff had a right to rely on the statute of limitations as against the first mortgage. Indeed, in its discussion of the doctrines of merger and subrogation as applicable to the case it seems to have lost sight of the statute of limitations and its applicability to the facts. If the court meant to hold that plaintiff could not avail herself of the statute of limitations as against the first mortgage by reason of the foreclosure of the first mortgage, we are inclined to distrust the logic of that opinion. It was clear on the facts of the case that more than four years had elapsed after the judgment of foreclosure on the first mortgage before the suit on the second mortgage was begun, and that at the beginning of the latter suit the time limited by law for suing on the first mortgage had fully elapsed. If the first action had never been brought, the plaintiff's right to interpose the statute was clear. How that right could be taken away by a suit to which the latter plaintiff was not a party, and which (quoting from the opinion) "does not affect the rights of the

latter," we cannot understand. Therefore the case affords us no light on the question of the statute of limitations as it presents itself in the case at bar. The trial judge in that case seems to have overlooked one of the important rights of the second mortgagee, for, in the quotation from his opinion contained in the case, in stating the rights of the second mortgagee he says nothing of his right to have the statute of limitations continue to run in his behalf against the first mortgage, notwithstanding the commencement of the suit and the judgment following it. Certainly, if the second mortgagee has the right to interpose the statute as against the first mortgage when it has run and the period of limitations has expired, he also at every stage is entitled to have the statute continue to run in his behalf, and this right cannot be cut off midway by the commencement of an action against some person other than the second mortgagee, because, as is expressly stated in the opinion, his rights cannot be affected by a suit to which he is not a party.

We advise that the judgment be reversed.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

McFarland, J., Henshaw, J., Angellotti, J., Van Dyke, J., Shaw, J., Beatty, C. J.

Rehearing denied.