NELLIE A. HERZOG, APPELLEE, v. UNION DEBENTURE COMPANY ET AL.; DIERKS LUMBER & COAL COMPANY, APPELLANT.

FILED DECEMBER 24, 1913. No. 17,369.

1. **Mortgages:** TRANSFER. The transfer of one of 70 negotiable bonds all secured by the same real estate mortgage transfers the mortgage *pro tanto*.

2. ———: FORECLOSURE. The foreclosure of such mortgage by one who owns a part of such bonds will not bar a subsequent foreclosure by an innocent purchaser and holder of another of the bonds; such purchaser not having been a party to the first foreclosure.

3. ———: ———: SALE: TITLE ACQUIRED. A purchaser at a foreclosure sale takes only the title of the parties to the suit.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE.  *Affirmed.*

*John S. Kirkpatrick* and *C. H. Holcomb,* for appellant.

*Sullivan & Squires, contra.*

SEDGWICK, J.

The Custer Realty Company, being the owner of real estate in Custer county, conveyed the same by mortgage to the Union Debenture Company to secure the payment of 70 negotiable, interest-bearing coupon bonds of $500 each.  The bonds were payable to bearer, and the Union Debenture Company sold and delivered one of the bonds to this plaintiff.  Afterwards, the defendant, the Dierks Lumber & Coal Company, began an action in the district court for Custer county to foreclose several mechanics' liens upon the mortgaged property.  The Union Debenture Company was made a defendant in that action, and answered, alleging the execution and delivery of the coupon bonds and the mortgage securing the same, and that it was the owner of 10 of those bonds, and asking for an accounting of the amount due thereon and a foreclosure of the mortgage.  The referee appointed by the court reported that the debenture company was the owner of 10 of the bonds, and that the amount thereof and interest thereon was due and unpaid, and the mortgage was foreclosed and the property sold to the defendant, the Dierks Lumber & Coal Company, to pay the debenture company the amount so found due.  Afterwards this plaintiff began this action in the district court for Custer county to foreclose the mortgage as security upon the bond held by her.  The district court entered a decree of foreclosure in her favor, and the defendant has appealed.

Two grounds are urged for reversal: First, that the plaintiff did not prove that there had been no action at law to collect the amount of the bonds; and second, that

the foreclosure on the cross-petition of the Union Debenture Company is a bar to this action.

1. The petition alleges that there has been no action at law to collect the amount due the plaintiff. The defendant's original answer contained a general denial, which denied the existence of the bonds and mortgage, as well as that there had been no action at law. The defendant afterwards, with the permission of the court, filed an amended answer, which we have not found in this record, and we are not able to say whether it contained a denial or admission of the plaintiff's allegation. Moreover, a witness for the plaintiff stated directly that there had been no action at law, and there is no evidence in the record that there had been. There is therefore no merit in this contention.

2. The bond is payable to bearer, and contains specific provisions that it shall be paid to the holder or holders thereof. The mortgage contains the same provisions and fully describes the bond. The transfer of such a bond transfers the mortgage *pro tanto*. *Studebaker Bros. Mfg. Co. v. McCargur*, 20 Neb. 500; *Todd v. Cremer*, 36 Neb. 430; *Connecticut Trust & Safe Deposit Co. v. Fletcher*, 61 Neb. 166. After the debenture company had transferred this bond, it could not longer exercise any control over it, nor represent in any capacity the owner thereof. The purchaser at a foreclosure sale takes the title of the parties in the action in foreclosure.

The judgment of the district court is right, and is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.