(No. 5152.   October 8, 1928.)

STATE, Plaintiff, v. OLIVER F. WOOD, MAGGIE A. WOOD, THE FIRST NATIONAL BANK OF NAMPA, a Corporation, T. H. DARROW, LAURA DARROW, E. L. MAXWELL, C. V. PECKHAM, H. G. PECKHAM, and CECIL R. PECKHAM, Trustees of THE UNION TRUST, and PAULINE ALLSBERRY, Defendants.

OLIVER F. WOOD, MAGGIE A. WOOD, C. V. PECKHAM, H. G. PECKHAM, and CECIL PECKHAM, Trustees of THE UNION TRUST, and PAULINE ALLSBERRY, Appellants, v. E. L. MAXWELL, Cross-Complainant and Respondent.

[271 Pac. 5.]

M. H. Eustace, for Appellants.

Walter Griffiths, for Respondent Maxwell.

BAKER, District Judge.—On December 18, 1918, Oliver F. Wood and his wife, who were then the owners of certain land in Canyon county, executed their first mortgage to the State of Idaho to secure the payment of the sum of $5,000. On January 7, 1920, they executed their second mortgage on the same property to T. H. Darrow to secure the payment of $3,519.65, and on June 11, 1921, executed their third mortgage to E. L. Maxwell to secure the payment of $800. All mortgages were promptly and in the order of their dates recorded.

The second or Darrow mortgage was foreclosed by action in which the mortgagors and a judgment creditor alone were made parties defendant. Maxwell was not made a party to that suit though his mortgage was then of record. A foreclosure sale was held pursuant to decree entered in that suit, the property was purchased by Darrow; no redemption was made, and deed was executed and delivered to the purchaser. Pauline Allsberry, a judgment creditor of Darrow, later caused the property to be sold on execution and at her sale purchased the premises. There was no redemption from that sale and sheriff's deed was executed to her.

On February 6, 1926, the State of Idaho instituted this action for the foreclosure of its mortgage. The mortgagors and all persons who appear to have had any interest in or

lien upon the property were made parties defendant. Maxwell, the owner of the third mortgage, filed his cross-complaint by which he sought to enforce and foreclose his mortgage. He claimed priority over all parties other than the State of Idaho and alleged that the claims of all cross-defendants were subsequent in time and subject in right and inferior and secondary to his mortgage lien. The cross-defendant, Pauline Allsberry, in her answer to Maxwell's cross-complaint alleged the execution of the Darrow mortgage, the foreclosure thereof, the purchase by Darrow and her purchase at the execution sale held for the enforcement of her judgment against Darrow. Her position as to the legal effect of these proceedings upon the Maxwell mortgage is quite clearly disclosed in her affirmative defense wherein it is alleged: "That upon the foreclosure of the mortgage . . . . and the sale of the premises therein described . . . . the defendant, E. L. Maxwell, having failed to redeem . . . . from said sale, and sheriff's deed . . . . having issued . . . . the rights of the defendant, E. L. Maxwell, thereby became extinguished, and by virtue thereof he has no further right, title, claim or interest, in and to said premises, or lien thereon, by virtue of his said mortgage or otherwise."

The trial court determined that the lien of the Maxwell mortgage was superior to the title of Pauline Allsberry. Decree was accordingly entered, from which this appeal is taken. Pauline Allsberry, as appellant, and E. L. Maxwell, as respondent, alone appear to be interested in this appeal.

The appellant succeeded to Darrow's title through her purchase at an execution sale. She was not, therefore, a *bona fide* purchaser. She purchased the precise title that Darrow acquired by his purchase at the foreclosure sale. (*Donaldson v. Thousand Springs Power Co.*, 29 Ida. 735–759, 162 Pac. 334.)

It will be observed that appellant does not claim to hold a present mortgage lien or ask that any lien be enforced or foreclosed. She does not take the position that the foreclosure proceedings are invalid as to respondent and that

the facts entitle her, as an equitable assignee, to enforce against him the lien of the Darrow mortgage. She does not contend that the pleadings recite or the evidence discloses sufficient facts to warrant the claim that she is a mortgagee in possession. Her answer to respondent's cross-complaint is only that the decree in the foreclosure suit instituted by Darrow concludes respondent, though he was not a party to that action; that the sheriff's sale under the decree left in respondent nothing but the statutory right of redemption and, since that right was not exercised, the delivery of the sheriff's deed extinguished the lien of his mortgage and barred him from thereafter asserting any interest in or lien upon the property. It will, therefore, only be necessary to determine whether the decree of foreclosure and the sale held thereunder affected the lien of respondent's mortgage.

The holder of a junior mortgage has something more than a mere right to redeem the property from the lien of an antecedent encumbrance. (*Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334; *Utah Implement-Vehicle Co. v. Bowman*, 209 Fed. 942; *Frates v. Sears*, 144 Cal. 246, 77 Pac. 905.) He has the very substantial right of asserting, when an effort is made to enforce the prior encumbrance against him, that it is, for any reason justified by pleading and proof, invalid or unenforceable against him or that the amount claimed by the holder is not justly due or secured.

A decree of foreclosure entered in a suit in which a junior encumbrancer is not made a party is valid as against those made parties. (42 C. J. 57; 3 Jones on Mortgages, 8th ed., 235; 19 R. C. L. 531.) It is sufficient to transfer to the purchaser at the foreclosure sale the legal title to the mortgaged premises. He acquires, however, no greater title than the combined titles and interests of those made parties to the foreclosure action. (3 Jones on Mortgages, 8th ed., 625; *Bourgeois v. Edwards* (N. J. Ch.), 104 Atl. 447; *Herzog v. Union Debenture Co.*, 94 Neb. 820, 144 N. W. 814; *Currier v. Teske*, 84 Neb. 60, 133 Am. St. 602, 120 N. W. 1015.) It is only when subsequent encumbrancers are made parties that the purchaser at the sale acquires a

title as of the date of his mortgage. (42 C. J. 245; 3 Jones on Mortgages, 8th ed., 623.) A decree of foreclosure is conclusive only as against those made parties (3 Jones on Mortgages, 8th ed., 487; 42 C. J. 164), and neither it nor the sale affects the lien or the interest of a junior encumbrancer who is not brought into court. (18 Cal. Jur. 355; 42 C. J. 169.) The mortgagor does not represent in court his mortgagee and as to the latter, who is a stranger to the suit, the sale, as well as the decree upon which it is based, is a nullity. (*Odell v. Levy,* 307 Ill. 277, 138 N. E. 608; *Smith v. Pacific Improvement Co.,* 104 Misc. Rep. 481, 172 N. Y. Supp. 65.) The junior mortgagee, if not a party, has not had his day in court and cannot by the decree entered be deprived of his right to contest the validity or the enforceability of such prior encumbrance when it is asserted against him or denied any right he would otherwise have had for the enforcement of his lien. (18 Cal. Jur. 355; 19 R. C. L. 535; *Peabody v. Roberts,* 47 Barb. (N. Y.) 91; *Frates v. Sears, supra.*) As to respondent, the Darrow mortgage has not been foreclosed and no effort was made to enforce it in this suit.

The decree appealed from is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Budge, J., concur.

T. Bailey Lee, J., did not sit at the hearing and took no part in the decision.