[Civ. No. 8671.  First Appellate District, Division Two.—January 3, 1933.]

PARAMOUNT SECURITIES COMPANY (a Corporation), Appellant, v. LEO D. DAZE et al., Defendants; SOULE–MARTIN LUMBER COMPANY, Respondent.

Walter B. Kibbey, Wm. H. B. Hammond and Earl L. Banta for Appellant.

Glen Behymer and B. L. Hoyt for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by the plaintiff in a quiet title action from a portion of the judgment decreeing appellant's title to be subordinate to the claim of a mechanic's lien of the defendant and respondent Soule-Martin Lumber Company in the sum of $539.43. The respondent Lumber Company commenced to furnish the materials which formed the basis of its claim of lien on April 28, 1925. Thereafter on May 15, 1925, the property was conveyed by deed of trust to Security Title Insurance and Guarantee Company to secure the repayment of a loan made to the owners by Union Trust Company of Maryland. This deed of trust was recorded the same day. Proceedings were subsequently taken by Soule-Martin Lumber Company to foreclose its materialman's lien which finally resulted in

the sale of the property to Soule-Martin Lumber Company on March 18, 1929. In this action neither Security Title Insurance and Guarantee Company, the trustee under the deed of trust, nor Union Trust Company of Maryland, the beneficiary, was made a party. Meanwhile on November 8, 1928, the property was sold to plaintiff and appellant at a trustee's sale under the above-mentioned deed of trust.

■ It is appellant's contention that by reason of the failure to make either the trustee or the beneficiary under the deed of trust a party the foreclosure of the material-man's lien could not affect their interest in the property and that appellant consequently took a title under the trustee's sale free and clear of such materialman's lien, because in so far as the encumbrance created by the deed of trust was concerned the materialman's lien was not fore-closed within the period allowed by the statute. Respond-ent, on the other hand, takes the position that since the action to foreclose the materialman's lien was commenced against the owner of the property within the statutory period and as to the owner's rights duly foreclosed appel-lant as the successor in interest of a junior encumbrancer is not entitled to the benefit of the statute fixing a limitation upon the time within which actions to foreclose such liens must be commenced.

Our statute concerning the enforcement of mechanics' liens is silent as to what persons shall be made parties de-fendant. It simply provides in general terms that ''No lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same. . . . '' (Code Civ. Proc., sec. 1190.)

The question presented is whether this section should be construed to mean that in order to perfect the lien as against the interest of a particular person in the property proceed-ings must be commenced against such person within ninety days, or whether it is sufficient to perfect the lien as against all persons that proceedings be brought against some one or more persons having an interest in the property within the ninety-day period. Or, more specifically, does the com-mencement of an action against the owner within the ninety-day period foreclose a junior encumbrancer from asserting, as

a defense against the claim that the lien is binding upon his interest, that no action was commenced against him to foreclose the lien within the period allowed by the code section?

The statute of Idaho concerning the enforcement of such liens is in substantially the language of the Code of Civil Procedure, section 1190. In *Continental & Commercial Trust & Savings Bank* v. *Pacific Coast Pipe Co.*, 222 Fed. 781, the Circuit Court of Appeals for the Ninth Circuit was called upon to decide, under the Idaho statute, the same question presented by this appeal. That court said at page 788:

"The Idaho statute does not, in terms, prescribe who shall be made parties to the action thereby required to be brought; but we agree with the learned judge of the court below that it necessarily means that it must be brought against all of those whose rights, estates, or interests are claimed to be adverse and subordinate; otherwise they could not be concluded. In the instant case the trustee was manifestly entitled to contest the amount, the validity, and the priority of the lien claimed for labor and material, and, of course, to its day in court for that purpose. But at the time it was called upon to do so the life of the appellant's lien had ended by the very terms of the statute which created it. As said by the court below:

" 'The argument that the limitation does not apply to a mortgage because the validity and amount of a mechanic's lien may be established in a suit between the claimant and the owner of the property alone, and that the only issue in which the mortgagee is interested, namely, the date or relative dignity of the lien, may be tried out in a subsequent suit to redeem, in so far as it has any force at all, rests upon an erroneous assumption, which is that the mortgagee has no right to question the amount or validity of the claim of lien. These are issues which the incumbrancer, equally with the owner, may raise, and for that purpose the mortgagee is entitled to his day in court. If, for instance, a lien were asserted for the value of material which was never furnished for use in a structure covered by the mortgage, it must be clear that the mortgagee may, by showing the fact, defeat the lien, or reduce the amount thereof.' . . .

"So here the trustee is not bound by the judgment obtained by the appellant against the owner of the property, and the lien of the appellant having, by the express provision of

the statute creating it, ended long prior to the time when the appellant attempted to assert it as against the trustee, we hold that it was then without any life."

The identical question was subsequently presented to the Supreme Court of Idaho in *Western Loan & Bldg. Co.* v. *Gem State Lumber Co.*, 32 Idaho, 497 [185 Pac. 554]. The court, after citing the case above quoted from and two other federal cases, said: "We are satisfied that the construction placed upon the statute by the federal courts is sound."

In *Davis* v. *Bartz*, 65 Wash. 395 [118 Pac. 334], the Supreme Court of Washington said of a similar statute:

"It is the manifest purpose of this statute to require the claimant to bring suit to establish his lien while the evidence upon which it rests is sufficiently recent to enable any party interested to successfully contest it, if the facts do not warrant the lien. The claimant must accord this opportunity within the time limited, or lose his lien. It is equally manifest that this right of contest is as valuable, and should be as available, to a mortgagee as to the owner. A mortgagee has something more than a mere right to redeem as against an antecedent lien. He has a right to contest its validity or assail its priority, if the evidence warrants either defense. He is entitled to his day in court upon these matters within the period fixed by the statute. . . .

"It follows of necessity that anyone interested, whether as owner, mortgagee, lien claimant, or otherwise, anyone who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has the right to invoke the statute, if the action be not commenced *as against him* within the statutory period."

The same question was disposed of by the Supreme Court of Indiana in *Deming-Colborn Lumber Co.* v. *Union Nat. Sav. & L. Assn.*, 151 Ind. 463 [51 N. E. 936, 938], in the following language:

"But counsel for appellee contend that, however true it may be that the lien of the lumber company was prior to that of the mortgagee at the time of the foreclosure of the former, yet such priority could last only during the life of the mechanic's lien. The statute (citing it) gives one year from the time when notice is filed in the recorder's office, or, if a credit is given, one year from the expiration of such credit, during which time suit may be brought for the en-

forcement of a mechanic's lien; and it is there expressly provided that, 'if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void'. If the lien in this case had not been foreclosed within the year given by the statute, it is clear that it would have been void as to all persons concerned, including the mortgagee. But, while the lien was duly foreclosed as against the owner of the property, yet, as we have seen, the appellee, as mortgagee, not having been made a party to the action, its rights were in no manner affected thereby; that is, appellee's mortgage stands just the same as it would have stood if the mechanic's lien had not been foreclosed within the time prescribed by the statute. In other words, the year given by statute having expired without a foreclosure of the lien, as against the mortgage, the lien itself and the judgment based thereon must be, as to such mortgage, absolutely void.''

To the same effect are *Green* v. *Sanford,* 34 Neb. 363 [51 N. W. 967]; *Ballard* v. *Thompson,* 40 Neb. 529 [58 N. W. 1133]; *Standrod & Co.* v. *Utah Implement etc. Co.,* 223 Fed. 517; *Utah Implement etc. Co.* v. *Bowman,* 209 Fed. 942; *Fairbanks-Morse & Co.* v. *Alaska Palladium Co.,* 32 Fed. (2d) 233.

With the exception of certain early cases in our Supreme Court hereafter referred to the question of the effect of the failure to join a junior encumbrancer as a defendant in an action to foreclose a mechanic's lien has apparently not been considered in this state. However, in *Frates* v. *Sears,* 144 Cal. 246 [77 Pac. 905, 906], the court considered the analogous question of the failure of a first mortgagee to join a second mortgagee in an action to foreclose the first mortgage. In a proceeding to foreclose the second mortgage the judgment-roll in the action to foreclose the first mortgage was received in evidence over plaintiff's objection: ''that to affect or cut off plaintiff's right to plead the statute of limitations against the Redfield note and mortgage, it was not only necessary for defendant Redfield to . commence action upon his note and mortgage within four years from date of maturity against the maker of the same, which he did, but also against the plaintiff, which he did not.'' The Supreme Court at pages 249, 250, said:

"We think the court erred in overruling these objections. It is clear that plaintiff's interest and rights under her mortgage, antedating as it did the Redfield foreclosure, could not be affected by that suit without making her a party thereto. The statute of limitations and the second mortgagee's right to rely upon it as against the first mortgage cannot be affected by any agreement or act between the mortgagor and the first mortgagee to which the second mortgagee is not a party. This is clearly illustrated and the authorities very fully cited in *Brandenstein* v. *Johnson*, 140 Cal. 29 [73 Pac. 744]. And the principle of that case applies here. Redfield has never foreclosed his mortgage as against Frates, and Frates has the right to treat the case as if no foreclosure of the first mortgage had ever been had. This is so laid down in *Falconer* v. *Cochran*, 68 Minn. 405 [71 N. W. 386], a case similar to the one before us. In this Minnesota case a mechanic's lien had been foreclosed, and though a mortgagee of the property was made a party to that foreclosure suit, no jurisdiction of the person of said mortgagee was obtained; and it was held that the commencement of the action to foreclose the mechanic's lien against the owner of the property did not preserve the lien as against other lienholders or encumbrancers, of whom no jurisdiction had been obtained, beyond the statutory period for bringing such an action, and that in a suit by the mortgagee in such a case, the mechanic's lien being barred by the statute, the interest of the plaintiff under his mortgage was prior and superior to the interest of the lienholder, and the latter as well as the mortgagor was properly foreclosed by the trial court of all right, estate, or lien in the premises except the usual right of redemption. . . . The appellant here, not being bound by the judgment in the foreclosure of the prior mortgage, to which she was not a party, and the prior note and mortgage being barred by the statute of limitations at the time they were first set up in the answer of the foreclosure case of the second mortgage, plaintiff's objection upon that ground should have been sustained, and the overruling of that objection was fatal error."

The court added at page 251: "Certainly, if the second mortgagee has the right to interpose the statute as against the first mortgage when it has run and the period of limitations has expired, he also at every stage is entitled to have

the statute continue to run in his behalf, and this right cannot be cut off midway by the commencement of an action against some person other than the second mortgagee, because . . . his rights cannot be affected by a suit to which he is not a party."

Further support for the general principle announced in the Frates case will be found in *Fuller & Todd Realty Co.* v. *Superior Court*, 175 Cal. 751 [167 Pac. 377], *Page* v. *W. W. Chase Co.*, 145 Cal. 578 [79 Pac. 278], *Holt Mfg. Co.* v. *Collins*, 154 Cal. 265 [97 Pac. 516], and *Lee* v. *Silva*, 197 Cal. 364 [240 Pac. 1015].

As opposed to these cases respondent cites and relies upon *Gamble* v. *Voll*, 15 Cal. 508, *Horn* v. *Jones*, 28 Cal. 196, and *Whitney* v. *Higgins*, 10 Cal. 547 [70 Am. Dec. 748]. In none of these cases, however, was the question of the expiration of the statutory period for foreclosing a mechanic's lien raised or considered by the court. They do, however, recognize that the junior encumbrancer is not foreclosed to dispute the validity or priority of a mechanic's lien by a decree in an action in which he was not a party. Of two of these cases Judge Dietrich said in *Utah Implement etc. Co.* v. *Bowman*, 209 Fed. 942, at pages 947, 948, that "while certain language is used favorable to the defense, the precise question was not involved, and they are, to say the least, not directly in point. Furthermore, it is to be added, the construction which the defendant places upon the two California cases seems to be out of harmony with the more recent decision in *Frates* v. *Sears*, 144 Cal. 246 [77 Pac. 905], where the court cites with apparent approval *Falconer* v. *Cochran*, 68 Minn. 405 [71 N. W. 386], which unquestionably supports the plaintiff's contention here."

*Hartfield* v. *Howard*, 180 Cal. 376 [181 Pac. 385], dealt with the question of the adjudication of the rights of a prior encumbrancer without sufficient allegations as to such rights to properly raise the issue of priority and is not in point here.

There are a few cases from other jurisdictions supporting respondent's position, but we think the better reasoning and that most consonant with the position taken by our Supreme Court in *Frates* v. *Sears, supra, Page* v. *W. W. Chase Co., supra, Holt Mfg. Co.* v. *Collins, supra,* and *Lee*

v. *Silva, supra,* is with the cases from other jurisdictions hereinabove quoted from.

It results in our judgment that as against appellant's title respondent's lien was barred by the running of the statutory period within which an action could be brought to foreclose its materialman's lien.

The portion of the judgment appealed from is reversed, with directions to the trial court to enter judgment against respondent Soule-Martin Lumber Company quieting appellant's title against it.

Nourse, P. J., and Sturtevant, J., concurred.