[L. A. No. 15371.   In Bank.—September 28, 1937.]

JOHN V. BARROW, Respondent, v. SANTA MONICA BUILDERS SUPPLY COMPANY (a Corporation) et al., Appellants.

John F. Poole for Appellants.

W. A. Martin and Arch Vernon for Respondent.

NOURSE, J., *pro tem.*—On January 2, 1925, the owner of the real property which is the subject of this action to quiet title executed a trust deed in favor of one Stewart, which deed was recorded on January 6, 1925, and the note secured thereby was later assigned to one Ross. On February 20, 1926, the property was sold under foreclosure by the trustee to Barrow, who is the plaintiff and respondent herein. Some time during the month of January, 1925, materials were furnished for the construction of a building upon the premises out of which liens attached which were foreclosed in a proceeding in which Barrow was served as a defendant "First Doe", and the trustee and the beneficiary were both sued and served. Those actions were commenced in June, 1925, and were consolidated for trial. No answer was filed by Barrow or by the trustee, and their defaults were entered. The beneficiary answered disclaiming any interest in the property. Judgment was entered against all the defendants sued therein decreeing that their claims or interests in the property were subject and subordinate to the claim of the mechanics' liens. On May 27, 1930, the property was sold to satisfy these mechanics' liens, and the Santa Monica Builders Supply Company became the purchaser. On April 28, 1932, Barrow commenced this action to quiet title and had judgment decreeing that he was the owner in fee of the property and that none of the defendants had any interest therein.

The appeal is on a bill of exceptions. There is no substantial controversy as to the facts. The single question involved is whether a lien claimant whose interests were determined in a former suit to foreclose a mechanic's lien can thereafter attack that decree in a suit to quiet title. A determination of the question involves the question whether, in a suit to foreclose a mechanic's lien, other lien claimants may be joined and the priority between the liens determined. The judgment herein rests upon the decision in *Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232 [61 Pac. 958, 79

Am. St. Rep. 118], and similar cases holding that a fore-closure suit cannot be turned into a suit to quiet title. The appellants herein argue that the rule of those cases is not applicable here because their foreclosure suits did not involve any question of adverse title but sought only a determination of priority between existing lien claimants. When the consolidated actions to foreclose the mechanics' liens were tried the priority of those liens over the "right, title and interest" of all the defendants therein was put in issue. Aside from the question of adverse or paramount title the "interests" of defendant Barrow depended upon the determination of the question whether his lien was prior in right to those of the plaintiffs. If the building which formed the basis of the mechanics' liens was commenced before the deed of trust was recorded those liens would be preferred over any lien arising out of the deed of trust. (Sec. 1186, Code Civ. Proc.; *Sax v. Clark,* 180 Cal. 287, 290 [180 Pac. 821] ; *Sun Lumber Co.* v. *Bradfield,* 122 Cal. App. 391, 395 [10 Pac. (2d) 183].) The determination of the question of the priority of the various liens depended in part upon the determination of the question when the various liens attached and, though the defendant Barrow did not appear therein and findings were waived by those appearing, the decree recited that the claims of all the defendants (expressly naming Barrow) were "subsequent and subordinate to the claims of plaintiffs herein". This was an adjudication of the priorities which was just as effective as though it were based on findings of fact that the work of the lien claimants was commenced before the deed was recorded, and that those liens attached prior to the lien of the deed of trust. It is conceded that if this were true the mechanics' liens would be superior to the other. But the respondent now argues the court made a mistake in its former decree, and that he should now be permitted to show in this proceeding that his deed was in fact recorded before the work commenced, and that his lien was therefore prior in right to that of the plaintiffs' in the former actions.

The position of respondent cannot be sustained. All presumptions support the former decree, and hence it must be presumed that if findings had been made in that action they would have been consistent with the portion of the decree declaring that the lien of the respondent was subsequent and subordinate to the mechanics' liens. (2 Cal. Jur. 852.) This

is 'so even though one of the complaints in those actions alleged that materials were furnished at a date subsequent to the recordation of the deed of trust. But since findings were waived in those actions and none of the evidence was before the court in this action, it was impossible for the court to determine the correctness of the former decree on this matter of fact. The conclusion necessarily follows that the former decree was a complete and full adjudication of the merits of the respective lien claimants, and that that decree cannot now be attacked in this collateral proceeding.

The respondent argues that this view is contrary to the established rule of *Beronio* v. *Ventura Lumber Co., supra*, and similar cases, that ''a foreclosure suit cannot properly be turned into a suit to quiet title''. The Beronio case was one to foreclose an ordinary mortgage. It was there held that the object of such a suit was to subject to judicial sale the same title or estate which the mortgagor had at the time of the execution of the mortgage. But it was also held that the only proper or necessary parties to such a suit are the mortgagor ''and those who claim an interest in the property derived subsequent to the date of the mortgage''. That case was discussed at length in *Dobbins* v. *Economic Gas Co.,* 182 Cal. 616, 624 [189 Pac. 1073], where it was said that the ''extent'' of the lien and whether other claims were subordinate to it were proper issues to be tried in a foreclosure proceeding. A distinction was there made between a claim of title which was adverse to the mortgagee and a claim of lien which was subject to the mortgage, and it was said that (p. 624), ''It would seem as if it were one of the proper functions of a foreclosure suit to determine what it is which can be and is foreclosed.'' In *Bewick* v. *Muir*, 83 Cal. 368, 371 [23 Pac. 389], a suit to foreclose a mechanic's lien where one of the defendants claimed under a prior mortgage, the court said: ''The question as to the priority of this mortgage over the plaintiffs' liens was a material one.'' *Whitney* v. *Higgins,* 10 Cal. 547–551 [70 Am. Dec. 748], is a case closely parallel. There the plaintiff was the purchaser under a sale upon a decree in foreclosure of a mortgage, and the defendant claimed as a purchaser under a similar decree in a suit to enforce a mechanic's lien. The mortgagee was not made a party to the suit to enforce the mechanic's lien and for that reason it was held that he could

at a later date attack the decree as in no respect binding upon him. It was there held not only that the junior lien claimants were proper parties in the suit to foreclose the mechanic's lien, but it was held that they were necessary parties to the same extent as in a suit to foreclose an ordinary mortgage, the court stating: "A mortgage, in this State, is only a lien or incumbrance; the estate in the land remains in the mortgagor, and all persons interested in the estate at the time the suit is instituted to enforce the mortgage, whether purchasers, heirs, devisees, remaindermen, reversioners, or incumbrancers, should be made parties, or their rights will not be affected." To the same effect are *Frates* v. *Sears,* 144 Cal. 246 [77 Pac. 905]; *Paramount Securities Co.* v. *Daze et al.,* 128 Cal. App. 515 [17 Pac. (2d) 1049]; *Continental & C. T. & S. Bank* v. *Pacific Coast Pipe Co.,* 222 Fed. 781, 788; 17 Cal. Jur., p. 173, and 18 R. C. L., p. 982. In the Dobbins case it was recognized as the usual practice that when the question of priority of conflicting liens was presented in a foreclosure suit such question was deemed properly determinable there. The books are full of decrees affirming judgments of this character, some determining that the mechanic's lien was superior to that of a mortgage or deed of trust, and some under different facts reaching an opposite result. It is manifest that the practice has not recognized the decision in the Beronio case as holding either that conflicting lien claimants were not proper parties in a foreclosure suit where the question of priority was put in issue or that one who is joined as a party in such a suit could thereafter repudiate the decree as not being binding upon him.

For these reasons it is of no importance that the respondent herein did not volunteer to litigate his title in the foreclosure suits. It is sufficient that he was sued and served with process and that he had full opportunity to tender the issue of priority as between his lien and that of the plaintiffs in those actions. The complaints in those actions are not models of good pleading, but they were sufficient at the time to inform the defendants therein that the priorities of the various liens were to be litigated. The determination of that issue is binding in this action notwithstanding the parties may have omitted to urge for or against it matters which if urged would have produced an opposite result. When an issue is litigated and a party is given his day in court it is

the policy of the law to demand of a defendant that all his defenses ''be asserted under the penalty of forever losing the right to thereafter urge them.'' (*Price* v. *Sixth Dist. Agr. Assn.,* 201 Cal. 502, 511 [258 Pac. 387]; *Andrews* v. *Reidy,* 7 Cal. (2d) 366, 371 [60 Pac. (2d) 832]; 15 R. C. L., pp. 969, 970.)

The judgment is reversed.

Langdon, J., Edmonds, J., Seawell, J., Shenk, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.