Filed 10/8/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CATHLEEN ROBIN et al., | F077325 |
| Plaintiffs and Respondents, | (Super. Ct. No. CV60202) |
| v. | |
| AL CROWELL, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Al Crowell, in pro. per.; Patrick B. Greenwell for Defendant and Appellant.

Gary S. Garfinkle, Maria J. Garfinkle, Peter H. Gold; Hobin & Hobin, and Richard Hobin, for Plaintiffs and Respondents.

-ooOoo-

Plaintiffs, holders of a first deed of trust on certain property, judicially foreclosed, but failed to name defendant, the holder of a second deed of trust on the same property, as a defendant in that action. After purchasing the property at the foreclosure sale, plaintiffs discovered the second deed of trust, and brought this quiet title action to correct their mistake and terminate defendant's lien. Defendant raised the statute of limitations in defense. The trial court found in favor of plaintiffs.

We conclude the statute of limitations on a judicial action to foreclose the first deed of trust had run, and the lien had been extinguished, prior to the filing of the quiet title action. The 60-year statute of limitations on which the trial court relied applied only to a nonjudicial trustee's sale. The trial court could not exercise the trustee's power of sale through a quiet title action after the expiration of the statute of limitations on a judicial action to foreclose. Further, after the judicial foreclosure sale, there was no trustee holding title to the property who could transfer title through a trustee's sale. Consequently, plaintiffs' action was barred by the statute of limitations and the judgment must be reversed.

## FACTUAL AND PROCEDURAL SUMMARY

Steve and Marta Weinstein owned several parcels of vacant land, which they anticipated developing. In 2006, plaintiffs loaned them $450,000, secured by a deed of trust on one parcel of the Weinstein's property (Parcel E or the property). Before plaintiffs made the loan, Marta Weinstein represented there were no prior encumbrances on Parcel E. Plaintiffs obtained a title report, which showed there was a 2004 deed of trust on the property, securing a $250,000 promissory note from the Weinsteins to defendant Crowell. Marta Weinstein represented that the Crowell deed of trust was a mistake, and obtained from Crowell a partial reconveyance of that deed of trust to remove his lien. Plaintiffs and the Weinsteins modified the promissory note to prohibit the Weinsteins from encumbering the property again without plaintiffs' consent while plaintiffs' loan was unpaid. Subsequently, plaintiffs executed the promissory note, recorded the deed of trust, and completed the funding of the loan. In 2007, without

2

plaintiffs' knowledge, the Weinsteins and Crowell recorded a second deed of trust on the property, again securing Crowell's 2004 promissory note.

The Weinsteins' promissory note to plaintiffs permitted plaintiffs to accelerate the due date of their loan in the event a tentative subdivision map for the development of the property was not approved by January 1, 2008. Plaintiff Cathleen Robin exercised this right, accelerating the due date to April 5, 2008, and the Weinsteins failed to make payment by that date. Robin subsequently initiated a judicial foreclosure under the deed of trust, joining plaintiff, Michael Fontes, as a nominal defendant. The foreclosure complaint failed to name Crowell as a defendant, despite his recorded deed of trust. The trial court entered a judgment in favor of plaintiffs in the foreclosure action in 2011, ordering the sale of the property. In 2014, plaintiffs purchased the property at the foreclosure sale for a credit bid of $150,000.

After the Weinsteins' one-year redemption period expired, plaintiffs attempted to sell the property to the owners of a neighboring property. The title search conducted at that time revealed Crowell's recorded deed of trust. In June 2016, plaintiffs filed this quiet title action to clear title to the property. Crowell answered, asserting he held an interest in the property superior to plaintiffs' and raising defenses, including the expiration of the statute of limitations. He also filed a cross-complaint for declaratory relief, seeking a declaration regarding the extent to which the foreclosure action or foreclosure sale affected his interest in the property, and whether plaintiffs could prevent him from exercising his rights under his deed of trust.

The matter was tried to the court and though no statement of decision was requested or issued, the court did provide a four-page written decision addressing the claims, findings and applicable law. The trial court entered judgment in favor of plaintiffs on the complaint and the cross-complaint. It exercised its equitable powers to correct a mistake in the prior foreclosure action -- the mistake of failing to include Crowell as a party to that action. The trial court granted Crowell a three-month redemption right, which it believed would put him in the same position he would have been in if he had been included in the Weinstein foreclosure action. The judgment

3

provided that, if Crowell failed to redeem the property within the allowed time, plaintiffs would own the property unencumbered by Crowell's deed of trust.  Crowell appeals from the judgment.

## DISCUSSION

### I.      Standard of Review

In entering its judgment, the trial court stated it was exercising its equitable powers to correct a mistake.  We review the exercise of equitable powers under the abuse of discretion standard.  (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 771.)  "'An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.  [Citations.]  The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law.'"  (*Kayne v. The Grande Holdings Limited* (2011) 198 Cal.App.4th 1470, 1474-1475.)  "The burden is on the party complaining to establish an abuse of discretion."  (*Dorman v. DWLC Corp.* (1995) 35 Cal.App.4th 1808, 1815.)

"When applying the deferential abuse of discretion standard, 'the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'"  (*In re C.B.* (2010) 190 Cal.App.4th 102, 123.)  The determination of the statute of limitations applicable to a cause of action is a question of law we review de novo.  (*McLeod v. Vista Unified School Dist.* (2008) 158 Cal.App.4th 1156, 1164.)

### II.     Statute of Limitations – Quiet Title v. Foreclosure

Defendant's primary argument for reversal of the judgment is that the trial court erred when it concluded the 60-year limitations period set out in Civil Code section 882.020 applied to plaintiffs' action.  He contends the limitations period applicable to judicial foreclosure actions, either four years under Code of Civil Procedure section 337[1]

---

[1]      All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

or six years under Commercial Code section 3118, applies to plaintiffs' action. He asserts the limitations period expired no later than April 5, 2014. Plaintiffs respond that the trial court chose the correct statute of limitations. Alternatively, they assert their action was timely, because it was an action to quiet title on the ground of mistake, to which a three-year limitations period applies, commencing upon discovery of the cause of action (§ 338, subd. (d)). They contend they filed the action promptly upon discovering defendant's trust deed had been re-recorded against the property.

### A. Quiet Title Based on Mistake

Plaintiffs' complaint alleged one cause of action to quiet title to the property. "The Legislature has not established a specific statute of limitations for actions to quiet title. [Citation.] Therefore, courts refer to the underlying theory of relief to determine the applicable period of limitations. [Citations.] An inquiry into the underlying theory requires the court to identify the nature (i.e., the 'gravamen') of the cause of action." (*Salazar v. Thomas* (2015) 236 Cal.App.4th 467, 476.) "The gravamen of an action depends on the nature of the right sued upon or the principal purpose of the action." (*Bank of New York Mellon v. Citibank, N.A.* (2017) 8 Cal.App.5th 935, 943.)

Plaintiffs contend the gravamen of their cause of action was mistake. A three-year limitations period applies to an action seeking relief on the ground of mistake, and "[t]he cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (§ 338, subd. (d).) "Case law has interpreted this accrual provision to mean that 'a cause of action for … mistake accrues, and the limitations period commences to run, when the aggrieved party could have discovered the … mistake through the exercise of reasonable diligence.'" (*Creditors Collection Service v. Castaldi* (1995) 38 Cal.App.4th 1039, 1044.)

A quiet title action is a statutory action that seeks to declare the rights of the parties in realty. (§ 760.020; *Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 305 (*Western Aggregates*).) "'"The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled

5

to."'" (*Western Aggregates*, *supra*, at p. 305.)  The purpose of a quiet title action is to determine any adverse claim to the property that the defendant may assert, and to declare and define any interest held by the defendant, "so that the plaintiff may have a decree finally adjudicating the extent of his own interest in the property in controversy.'" (*Akley v. Bassett* (1924) 68 Cal.App. 270, 287.)  In *Lechuza Villas West v. California Coastal Comm.* (1997) 60 Cal.App.4th 218 (*Lechuza*), the court observed:  "A description of the parties' legal interests in real property is all that can be expected of a judgment in an action to quiet title….  It is clear that [the plaintiff's] desired outcome has been not to have legal title declared as it really is, which is the effect of a successful action to quiet title, but instead to obtain a judgment changing the title to some portion of the property….  This cannot be done by an action to quiet title." (*Id.* at p. 243.)

In this case, plaintiffs' quiet title action did not seek a determination and declaration of their rights in the property as they existed at the time the action was filed.  Plaintiffs did not seek a determination that, as a result of some mistake in the creation, execution, or recordation of their interest in the property, or of defendant's interest in the property, the recorded instruments seemed to indicate the parties' interests were different than they actually were, so a declaration of their true interests was needed.  Rather, as in *Lechuza*, plaintiffs sought to obtain a judgment changing the parties' interests in the property – in this case, by eliminating defendant's existing lien.

A separate type of action is authorized to obtain cancellation of an instrument that creates a cloud on the plaintiff's title.  (See Civ. Code, § 3412; *Hughes v. Beekley* (1927) 85 Cal.App. 313, 316-317.)  An action to remove a cloud on title is directed at a particular instrument, and may be brought by "a person against whom it is void or voidable"; if the plaintiff prevails, the court will order the instrument "to be delivered up or canceled." (Civ. Code, § 3412; *Castro v. Barry* (1889) 79 Cal. 443, 446.)  In this case, plaintiffs have not cited Civil Code section 3412, asserted their action was one to remove a cloud from their title, or contended defendant's deed of trust was void or voidable as to them.

6

The principal purpose of plaintiffs' action appears to be to remove the lien of defendant's deed of trust from the property. As we discuss in the following sections, however, the method available to the holder of a senior trust deed for removal of a junior encumbrance from the property is foreclosure of the junior lienholder's equitable right of redemption. Ordinarily this is done by including the junior lienholder in the foreclosure action against the trustor under the senior deed of trust. Defendant was omitted from the prior foreclosure action. Plaintiffs acknowledge the current action is a "quiet title action to equitably complete the foreclosure."[2] The trial court entered a judgment designed to have the same effect as inclusion of defendant in the prior foreclosure. It gave defendant an opportunity to exercise his equity of redemption and provided that, if he did not do so, title to the property would be quieted in plaintiffs.

We conclude the gravamen of plaintiffs' action was foreclosure of plaintiffs' senior trust deed against defendant.[3] Accordingly, the statute of limitations applicable to foreclosure actions governs this case.

---

[2] Respondents' brief (RB) at page 26. The brief also asserts: "Moreover, to the extent the gravamen of the quiet title action is 'to complete the foreclosure,'" it was timely (RB 25); "[t]hus, whether the gravamen is deemed to be correcting the mistaken omission of the junior lienholder or completing the timely filed judicial foreclosure, or both," the action was timely (RB 26); and "[t]o the extent the gravamen of the instant equitable remedy is to complete that process by clearing the title acquired in the judicial foreclosure," the trial court applied the correct statute of limitations (RB 31).

[3] Treating a failure to include a particular defendant in an action as a mistake that could be corrected by a subsequent equitable action to which section 338, subdivision (d), applies would effectively extend the statute of limitations as to any defendant the plaintiff failed to name in the original, timely-filed action. The plaintiff could always file a second action, after the statute of limitations on the plaintiff's cause of action had run, claiming that the unnamed defendant was mistakenly omitted from the first action, and that the statute of limitations on the second action ran from discovery of that mistaken omission. This is not the type of mistake section 338, subdivision (d), was intended to remedy.

**III.    Statutes of Limitations Applicable to Foreclosures**

**A.    Mortgages and Deeds of Trust**

Some background concerning mortgages and deeds of trust is instructive.  These are two common, similar types of security transactions in real property.  (See 4 Witkin, Summary of Cal. Law (11th ed. 2020) Security Transactions in Real Property, §§ 3-5.)

"A 'mortgage' is 'a contract by which specific property … is hypothecated for the performance of an act, without the necessity of a change of possession.'" (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 815 (*Aviel*), citing Civ. Code, § 2920, subd. (a).)  Generally, it is a two party transaction, involving a mortgagor (debtor) and a mortgagee (creditor), and secures a promissory note by placing a lien on the real property.  (*Bank of Italy Nat. Trust & Sav. Assn. v. Bentley* (1933) 217 Cal. 644, 654 (*Bank of Italy*); Civ. Code, § 2927.)  Title and right of possession remain in the mortgagor.  (*Bank of Italy*, *supra*, at p. 654.)  In the event of a default by the mortgagor, the mortgagee may commence a judicial foreclosure action to foreclose the mortgagor's interest and have the property sold to satisfy the debt.  (§ 725a.) The mortgage may also confer a power of sale upon the mortgagee or another person, which may be exercised after breach of the obligation for which the mortgage is given as security.  (*Aviel*, *supra*, at p. 815.)

A deed of trust serves a similar function.  It "conveys title to real property from the trustor-debtor to a third party trustee to secure the payment of a debt owed to the beneficiary-creditor under a promissory note." (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508 (*Jenkins*), disapproved on another ground in *Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 939 & fn. 13.)  "There are three parties to a deed of trust: (1) the trustor, who owns the property that is conveyed to (2) the trustee as security for the obligation owed to (3) the beneficiary." (*Aviel, supra*, 161 Cal.App.4th at pp. 815-816.)  A deed of trust ordinarily includes a power of sale provision, which permits the trustee, on behalf of the beneficiary, to sell the real property security if the trustor fails to repay the debt owed. (*Jenkins*, *supra*, at p. 508.)  Unlike mortgages, which operate under a lien theory, deeds of trust operate under a title theory; title passes from the trustor to the trustee, where it remains until the debt is paid or the

property is sold on default. (*Bank of Italy*, *supra*, 217 Cal. at p. 655; *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 876-877.)

"'[D]eeds of trust, except for the passage of title for the purpose of the trust, are practically and substantially only mortgages with a power of sale ….' [Citation.] In practical effect, if not in legal parlance, a deed of trust is a lien on the property." (*Monterey S.P. Partnership v. W.L. Bangham, Inc.* (1989) 49 Cal.3d 454, 460.) It "conveys 'title' to the trustee 'only so far as may be necessary to the execution of the trust.'" (*Ibid.*)

We are concerned in this case with a deed of trust containing a power of sale, given by the Weinsteins to plaintiffs to secure payment of a promissory note.

### B. Judicial and Nonjudicial Foreclosures

When the trustor defaults in its obligations under the promissory note and deed of trust, the beneficiary ordinarily has two methods to enforce the security interest of the deed of trust. (*Ung v. Koehler* (2005) 135 Cal.App.4th 186, 192 (*Ung*).) The beneficiary may bring an action for judicial foreclosure (§ 725a) or pursue a nonjudicial foreclosure, also known as a trustee's sale, pursuant to the power of sale granted in the deed of trust (Civ. Code, §§ 2924-2924*l*). (*Ung*, *supra*, at p. 192.)

A judicial foreclosure is a court proceeding, usually brought by the trustee or beneficiary against the trustor and all parties with recorded interests in the property. (§ 726; *Diamond Benefits Life Ins. Co. v. Troll* (1998) 66 Cal.App.4th 1, 6 (*Diamond*)) "In a judicial foreclosure, if the property is sold for less than the amount of the outstanding indebtedness, the creditor may seek a deficiency judgment, or the difference between the amount of the indebtedness and the fair market value of the property, as determined by a court, at the time of the sale. [Citation.] However, the debtor has a statutory right of redemption, or an opportunity to regain ownership of the property by paying the foreclosure sale price, for a period of time after foreclosure." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1236 (*Alliance*); see §§ 726, 729.020, 729.030.) After a judicial foreclosure, any liens on the property subordinate to the deed of trust are extinguished, unless the lien was properly recorded at the time the action was

commenced and the lienholder was not made a party to the action. (§§ 701.630, 726, subd. (c); *Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 479.)

In a nonjudicial foreclosure, "the trustee exercises the power of sale given by the deed of trust." (*Alliance*, *supra*, 10 Cal.4th at p. 1236.) The sale is governed by a comprehensive set of statutory provisions. (Civ. Code, §§ 2924-2924*l*; *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830-831 (*Moeller*).) The trustor has no right of redemption after the sale, and the creditor may not seek a deficiency judgment. (*Alliance, supra*, at p. 1236.) As a general rule, the purchaser at a nonjudicial foreclosure sale receives title under a trustee's deed free and clear of any right, title or interest of the trustor or junior lienholders. (*Moeller*, *supra*, at p. 831; *Bank of America v. Graves* (1996) 51 Cal.App.4th 607, 611-612 (*Graves*).) If the proceeds of the sale exceed the amount necessary to pay the costs of the sale and satisfy the senior deed of trust, the excess is used to satisfy any obligations secured by junior liens. (Civ. Code, § 2924k.) If there are no excess proceeds, a sold-out junior lienor may bring a personal action against the trustor on the debt.[4] (*Graves, supra*, at pp. 611-612.)

### 1. Statute of Limitations on Judicial Foreclosure

Although a deed of trust technically conveys title to the real property from the trustor to the trustee, the security interest it creates is the functional equivalent of a lien on the property. (*Jenkins, supra*, 216 Cal.App.4th at p. 508.) Civil Code section 2911 provides that a lien is extinguished by the lapse of time within which, under the Code of Civil Procedure, an action can be brought upon the principal obligation. Thus, Civil Code section 2911 extinguishes the right to bring an action for judicial foreclosure of a

---

**4**      "The term 'sold-out junior lienor' refers to the situation in which a senior lienholder forecloses its lien, eliminating the junior lienor's security interest. 'A senior foreclosure sale conveys the property free of all junior liens …. Thus, the junior no longer has a lien on the property, and the security has been entirely destroyed. A sold-out junior thus holds security that has "become valueless" and is permitted to sue directly on the note.'" (*Graves*, *supra*, 51 Cal.App.4th at pp. 611-612.)

deed of trust upon expiration of the statute of limitations on the underlying debt. (*Ung*, *supra*, 135 Cal.App.4th at p. 193.)

The general statute of limitations set out in the Code of Civil Procedure for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" is four years. (§ 337, subd. (a).)[5] Defendant points out that Commercial Code section 3118, which prescribes a six-year limitations period for "an action to enforce the obligation of a party to pay a note payable at a definite time," may provide the limitations period for a promissory note with a specified due date secured by a deed of trust. Civil Code section 2911, however, refers specifically to the limitations period set out in the Code of Civil Procedure, not the Commercial Code, as the time period that extinguishes the lien. We need not determine which limitations period causes a lien to be extinguished under Civil Code section 2911, however, because in this case, either time period expired before plaintiffs filed this action.

The limitations period for bringing a judicial foreclosure action begins to run upon maturity of the obligation secured, that is, when the underlying promissory note comes due, but is unpaid. (*Flack v. Boland* (1938) 11 Cal.2d 103, 106 (*Flack*).) Robin accelerated the maturity date of the promissory note, making payment due on April 5, 2008; the Weinsteins failed to make payment by that date. Robin filed her action for foreclosure against the Weinsteins within four years after that date. She did not file this action to foreclose against defendant until more than eight years after maturity of the note. Accordingly, whether a four-year or a six-year limitations period applies, the statutory period expired before plaintiffs filed this action.

A junior lienholder may raise the expiration of the statute of limitations as a defense to the senior lienholder's assertion of priority. (*Frates v. Sears* (1904) 144 Cal. 246, 249 (*Frates*); *Brandenstein v. Johnson* (1903) 140 Cal. 29, 30-32 (*Brandenstein*).)

---

[5]    This subdivision was designated as subdivision (a), effective January 1, 2019. Prior to that date, it was designated as subdivision (1). The substance of the subdivision was not changed.

For example, in *California Bank v. Brooks* (1899) 126 Cal. 198, the mortgagor executed promissory notes and a deed of trust to the first mortgagee, and later executed a promissory note and deed of trust to the second mortgagee. (*Id*. at pp. 198-199.) The first mortgagee and the mortgagor later substituted two new notes for one of the original notes, giving them new due dates. (*Id*. at p. 199.) When the second mortgagee sued to foreclose its mortgage, the court determined the first mortgagee's substitution of new notes for the original one did not discharge the original debt or affect the priority of the first mortgage. (*Id*. at pp. 199-200.) As to the second mortgagee, the debt to the first mortgagee was still evidenced by the original note. (*Id*. at p. 200.) However, "[t]he first mortgagee could not renew the note and thereby extend the statute of limitations so as to affect the second mortgagee. [The second mortgagee] may take advantage of the statute of limitations, although the debtor does not." (*Ibid*.) The statute of limitations had run on the first mortgagee's original note before the action for foreclosure of the second mortgage was brought. (*Id*. at p. 201.) Consequently, the court directed that the proceeds of the sale of the property were to be distributed to pay off the second mortgage, before paying off the renewed first mortgage. (*Id*. at p. 201.)

The interest of a junior lienholder in the property, as against the senior lienholder, is the right of redemption. (*Wemple v. Yosemite Gold Mining Co*. (1906) 4 Cal.App. 78, 86.)

> "When the mortgagor and mortgagee contract, the former agrees that, in case of a breach of the agreement on his own part, the latter shall sell the land, and that the purchaser at such sale shall acquire the legal title, relieved of the lien, as of the date of the execution of the mortgage. A subsequent mortgagee knows of this relation between the parties, and what he agrees to accept as a security for his money is a claim upon the surplus of the proceeds of the first foreclosure sale beyond the prior debt. He has no estate in the land itself, nor any lien upon the land, except subject to the prior lien; that is, he has a right to be paid out of the excess. That is, in effect, a right to redeem, and incidentally--if made a party to a foreclosure suit--a right to defend by pleading the Statute of Limitations, or the invalidity in whole or in part of the plaintiff's claim, or that it is paid. These are not, however[,] substantive and primary defenses, but grow out of his right to redeem--his right to have the fund proceeding from the sale as large as possible. Hence, whenever he files a bill to redeem the former mortgage, or to redeem the

12

former and to foreclose his own, he may allege and show that the claim of the prior mortgagee has been exaggerated, or any other kindred fact which will increase the fund." (*Carpentier v. Brenham* (1870) 40 Cal. 221, 236 (*Carpentier*).)

The junior lienholder has the right to redeem the property from the senior lien, "at any time after the claim is due, and before his right of redemption is foreclosed," by paying the obligation secured by the senior lien. (Civ. Code, §§ 2903, 2904, 2905.) If the junior lienholder redeems, he becomes subrogated to all the benefits of the senior lien, when that is necessary for the protection of his interests. (Civ. Code, § 2904.)

A foreclosure action, as against a junior lienholder, is an action to cut off the right of redemption. (*Carpentier, supra*, 40 Cal. at p. 237.) The junior lienholder is a proper, but not a necessary, party to an action to foreclose the senior deed of trust. (*Id*. at p. 235.) The junior lienholder's right of redemption can be terminated by joinder of the junior lienholder in the foreclosure action. (*Fox v. California Title Ins. Co*. (1932) 120 Cal.App.264, 266 (*Fox*).) If the junior lienholder's interest was recorded prior to the commencement of the senior lienholder's foreclosure action, and the junior lienholder was not joined in that action, however, the junior lienholder's interest is not affected by the judgment and sale in the foreclosure action. (*Ibid*.; *Frates*, *supra*, 144 Cal. at p. 249.)

In *Carpentier*, the senior mortgagee had judicially foreclosed without naming the junior mortgagee as a party, and had purchased the property at the foreclosure sale. (*Carpentier*, *supra*, 40 Cal. at p. 233.) More than four years after the foreclosure judgment was entered, the junior mortgagee brought a foreclosure action under the junior mortgage against the purchaser and his successors. (*Ibid*.) The court rejected the junior mortgagee's argument that the prior foreclosure sale extinguished the senior mortgage, and freed her to foreclose as if it had never existed. (*Id*. at pp. 234-235.) The court held the senior foreclosure was valid, in spite of the omission to include the junior mortgagee as a party to it. (*Id*. at p. 235.) The prior foreclosure could not, however, deprive the junior mortgagee of her rights. (*Ibid*.) The junior mortgagee retained the right to redeem the prior mortgage and extinguish the senior encumbrance. (*Id*. at p. 237.) Nonetheless,

13

the lien of the junior mortgage remained subordinate to the interest of the buyer at the prior foreclosure sale, who succeeded to the interest of the senior mortgagee. (*Ibid.*)

In *Frates*, the senior mortgagee, Redfield, had judicially foreclosed without naming the plaintiff, the junior mortgagee, as a party, although her mortgage was recorded prior to the first foreclosure action. (*Frates*, *supra*, 144 Cal. at p. 247.) Redfield purchased the property at the senior foreclosure sale. (*Ibid.*) The plaintiff sued to foreclose junior mortgage, naming the mortgagor and Redfield as the defendants. (*Ibid.*) The plaintiff objected to admission of evidence of the judgment roll of the senior foreclosure action, because she had not been a party to the action and was not bound by the judgment, and because the statute of limitations had run in her favor on enforcement of the senior mortgage. (*Id.* at p. 248.)

Because the plaintiff's junior mortgage pre-dated the senior foreclosure and the plaintiff was not named as a party in that action, her interest in the property was not affected by the prior foreclosure. (*Frates*, *supra*, 144 Cal. at p. 249.) The statute of limitations barred a foreclosure action on the senior mortgage at the time Redfield pled the senior mortgage in answer to the plaintiff's foreclosure complaint. (*Id.* at pp. 249-250.) Accordingly, the court held the plaintiff's objection to admission of the record of the prior foreclosure action should have been sustained, because Redfield's assertion of his senior interest was time barred. (*Id.* at pp. 249-250.)

Redfield cited *Carpentier*, where the junior mortgagee's foreclosure action was brought more than four years[6] after maturity of the senior mortgage, but the court did not hold that the expiration of the statute of limitations on the senior mortgage barred the senior mortgagee/purchaser's assertion of the seniority of his interest. (*Frates*, *supra*, 144 Cal. at p. 250.) The *Frates* court noted *Carpentier* stated that, if the senior mortgage had not been foreclosed, "'it would … have been entitled to priority over the junior

---

[6]    The *Carpentier* and *Frates* decisions were issued long before enactment of Commercial Code section 3118.  The four years they mentioned apparently referred to the limitations period set out in section 337 for actions based on written instruments.

mortgage, *so long as it was not barred by the statute of limitations*,'" seeming to indicate "the statute of limitations was available to the plaintiff, who was seeking to foreclose a second mortgage as against the first mortgage, which had been foreclosed without making the second mortgagee a party." (*Ibid.*) The *Frates* court observed that, while it seemed from the facts in *Carpentier* that the statute of limitations was available to the second mortgagee as a defense, in discussing other issues, the *Carpentier* court seemed "to have lost sight of the statute of limitations and its applicability to the facts." (*Frates*, *supra*, at p. 250.) In other words, the *Carpentier* court failed to address the effect of the statute of limitations on the respective claims of the parties.

In *Diamond*, the plaintiff held deeds of trust on property used as a golf course. (*Diamond*, *supra*, 66 Cal.App.4th at p. 4.) The defendant, who owned adjacent property, held easements over portions of the golf course property, which were created and recorded after the plaintiff's trust deeds were recorded. (*Ibid.*) The plaintiff judicially foreclosed under its trust deeds, but failed to name the defendant as a party. The plaintiff purchased the property at the foreclosure sale. (*Ibid.*) It later filed a quiet title action against the defendant, and obtained a judgment permitting the defendant to exercise his equitable right of redemption, which he would have had if he had been included in the foreclosure action. (*Id.* at pp. 4-5.) The trial court concluded the prior foreclosure action did not affect the defendant's rights, but the plaintiff "retained the right to foreclose against [the defendant's] interest and that right was effectively exercised through the quiet title proceedings." (*Id.* at p. 5.) There was no statute of limitations issue in *Diamond*, because the defendant failed to raise that defense. (*Id.* at p. 13.)

To summarize, a junior lienholder is not affected by the foreclosure of a senior lien, if the junior lien existed prior to the foreclosure and the junior lienholder was not made a party to the senior lienholder's foreclosure action. To remove a junior lien, the holder of the senior lien or the buyer at the senior sale (standing in the shoes of the senior lienholder) may file a second action to foreclose the omitted party's equity of redemption (see *Winn v. Torr* (1938) 27 Cal.App.2d 623, 629) or a quiet title action having the same effect (see *Fox*, *supra*, 120 Cal.App. 264; *Diamond*, *supra*, 66 Cal.App.4th at p. 5). The

15

junior lienholder may raise the statute of limitations as a defense to the senior lienholder's foreclosure action.

Under Civil Code section 2911, the lien of the deed of trust is extinguished when the statute of limitations has run on the underlying debt. Once the statute of limitations has run on the underlying obligation, i.e., the promissory note, the lienholder "'cannot, by any affirmative proceedings on his part, invoke the aid of the court for the collection of his debt.'" (*Marshutz v. Seltzor* (1907) 5 Cal.App. 140, 144.) As a result, the expiration of the statute of limitations bars both an action on the debt and an action to foreclose the lien of the deed of trust. (*Flack*, *supra*, 11 Cal.2d at pp. 106.) The expiration of the statute of limitations on a senior lien also bars the senior lienholder from asserting the priority of its lien in answer to the foreclosure complaint of a junior lienholder. (*Frates*, *supra*, 144 Cal. at pp. 249-250.)

In this case, the limitations period on any judicial action to enforce plaintiffs' rights under the deed of trust expired prior to the filing of their quiet title action. By filing a quiet title action seeking to complete their prior judicial foreclosure and eliminate defendant's lien on the property, plaintiffs have affirmatively invoked the court's assistance to foreclose defendant's interest in the property. The time for doing so lapsed prior to commencement of the action, and any judicial action for that purpose, including this quiet title action, is barred.

### 2. Nonjudicial Foreclosure

Historically, a judicial foreclosure action under a deed of trust was barred when the statute of limitations had run on the underlying obligation and the lien was extinguished. Prior to 1982, however, "the power of sale under a deed of trust was not barred, or 'never outlaws.'" (*Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707 (*Miller*); *Ung*, *supra*, 135 Cal.App.4th at p. 193.) The power of sale could be exercised by the trustee in a nonjudicial foreclosure even after the statute of limitations barred judicial foreclosure. (*Ung*, *supra*, at p. 193.) "Retention of the right to nonjudicial enforcement was justified by the equitable principle that 'courts will not help the debtor to recover … encumbered property unless he pays his debt.'" (*Ibid*.) Additionally, it was

16

supported because California applied a title theory, rather than a lien theory, to deeds of trust. (*Id.* at pp. 195-196.) Title was conveyed to the trustee, who retained it until the debt was satisfied or the property was sold to enforce payment. (*Hohn v. Riverside County Flood Control & Water Conservation Dist.* (1964) 228 Cal.App.2d 605, 611 (*Hohn*).) Civil Code section 2911 provided that a "lien" was extinguished by the expiration of the statute of limitations, and courts held that provision did not apply to the power of sale exercisable by the trustee who held title to the property. (*Ung*, *supra*, at pp. 195-196.) In contrast, because a mortgage did not convey title to a trustee, but merely created a lien on the property, expiration of the limitations period and extinguishment of the lien under Civil Code section 2911 barred both a judicial action to foreclose or collect the debt and a nonjudicial foreclosure sale, if the mortgage included a power of sale. (*Bayer v. Hoagland* (1928) 95 Cal.App. 403, 411.)

In 1982, the Legislature abolished the rule that the power of sale in a trust deed "never outlaws." (*Slintak v. Buckeye Retirement Co., LLC, Ltd.* (2006) 139 Cal.App.4th 575, 584.) It enacted the Marketable Record Title Act (Civ. Code, §§ 880.020-887.090; the Act), which was designed "to make real property more freely alienable and marketable" and "to simplify and facilitate real property title transactions by enabling persons to determine the status and security of recorded real property titles from an examination of recent records." (*Miller*, *supra*, 26 Cal.App.4th at pp. 1707-1708.) The Act limited the time period for exercising a power of sale under a deed of trust. (*Id.* at p. 1708.) It provides: "Unless the lien of a … deed of trust … has earlier expired pursuant to Section 2911, the lien expires at, and is not enforceable by action for foreclosure commenced, power of sale exercised, or any other means asserted after, the later of" 10 years after the maturity date of the secured debt, if that date is ascertainable from the recorded evidence of indebtedness, or 60 years after recordation of the instrument that created the security interest, if the maturity date is not ascertainable from the record. (Civ. Code, § 882.020, subd. (a).)

Civil Code section 2911 has been interpreted to extinguish only the lien of the deed of trust, i.e., the security interest enforceable through judicial foreclosure, and not

17

the power of sale. (*Ung*, *supra*, 135 Cal.App.4th at p. 196.) Consequently, the phrase "[u]nless the lien of a … deed of trust … has earlier expired pursuant to Section 2911" refers to the expiration of the statute of limitations on a judicial action to enforce the lien. The effect of Civil Code section 882.020 is to (1) limit the time within which the trustee can exercise of the power of sale, which is unaffected by Civil Code section 2911, and (2) set an outside limit on the time to bring a judicial action, in the event the basic statutory limitations period has been extended or tolled (such as, by waiver, agreement of the parties, partial payment, or the defendant's absence from the state) and Civil Code section 2911 has not yet barred a judicial action. (See Legis. Comm. comm to Civ. Code, § 882.020; §§ 351, 360, 360.5.)

Plaintiffs' recorded deed of trust did not reflect the maturity date of the underlying promissory note. Accordingly, the 60-year period of Civil Code section 882.020, subdivision (a)(2), applied to it, rather than the 10-year period of Civil Code section 882.020, subdivision (a)(1). The 60-year period did not govern plaintiffs' time for commencing this quiet title action to complete their foreclosure, however, because the time for bringing a judicial foreclosure action had "earlier expired pursuant to Section 2911" before this action was filed. The accelerated maturity date of the Weinsteins' promissory note to plaintiffs was April 5, 2008. This action was filed June 29, 2016, more than eight years later. Plaintiffs have not claimed that the four-year or six-year limitations period applicable to judicial foreclosure actions was tolled or extended for any reason. Consequently, the trial court erred in concluding a 60-year statute of limitations applied to this action to judicially enforce plaintiffs' rights under the deed of trust.

In this case, because there was no extension or tolling of the statute of limitations on plaintiffs' judicial foreclosure action, the limitations period set out in Civil Code section 882.020 prescribed only the limit on their time for conducting a trustee's sale under the deed of trust. The parties have not cited, and we have not found, any case in which the court considered whether a senior lienholder, who purchased the property at a judicial foreclosure sale under the senior deed of trust, could use a subsequent trustee's sale to nonjudicially foreclose against the omitted lien of a junior lienholder. To support

18

the judgment in this case, the senior lienholder would have to be able to not only conduct a subsequent trustee's sale, but also invoke the assistance of the court to effectively substitute a quiet title action for an actual trustee's sale.

As a practical matter, a senior lienholder cannot conduct a trustee's sale after the property has been sold in the senior lienholder's judicial foreclosure action. The judicial foreclosure sale results in a conveyance of title from the trustee to the buyer at the sale. Once the judicial sale is complete, the trustee no longer holds any title to convey through a subsequent trustee's sale. (See *Hohn*, *supra*, 228 Cal.App.2d at p. 609 ("the trustee holds the legal title, and it would follow logically from this foundation that upon consummating one sale, the trustee would have no further title capable of being transferred at a later sale").)

Further, neither the beneficiary nor the trustee can comply with the procedural requirements of a trustee's sale. "The exercise of the power of sale in a deed of trust 'is carefully circumscribed by statute.' [Citation.] Under these statutes, the beneficiary of a deed of trust must record a notice of default prior to exercising a power of sale. [Citations.] The contents of the notice of default are specified by [Civil Code] section 2924. In addition to identifying the encumbered property, the notice of default must 'contain[] a statement that a breach of the obligation for which the … transfer in trust is security has occurred, and set[] forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation ….' [Citation.] [¶] … The debtor is to be given enough information so the default can be cured. "[T]he statute is sufficiently complied with if the notice of default contains a correct statement of some breach or breaches sufficiently substantial in their nature to authorize the trustee or beneficiary to declare a default and proceed with a foreclosure." [Citation.]' [Citation.] Because nonjudicial foreclosure is a 'drastic sanction' and a 'draconian remedy' [citation], '"[t]he statutory requirements must be strictly complied with."'" (*Ung*, *supra*, 135 Cal.App.4th at pp. 202-203.)

The Weinsteins' obligation under plaintiffs' deed of trust ended when the judicial foreclosure action was complete. (Civ. Code, § 2910; *Alliance*, *supra*, 10 Cal.4th at p.

19

1235.)  Once the judgment was final, the sale was complete, and the time for seeking a deficiency judgment had lapsed,[7] there was no further obligation under plaintiffs' deed of trust as to which the Weinsteins could be in default.  Consequently, after the foreclosure action was complete, plaintiffs could not record a notice of default containing "a correct statement of some breach" that warranted a sale of the property.

"A nonjudicial foreclosure sale under the power of sale in a deed of trust … must be conducted in strict compliance with its provisions and applicable statutory law.  A trustee's powers and rights are limited to those set forth in the deed of trust and laws applicable thereto."  (*Coppola v. Superior Court* (1989) 211 Cal.App.3d 848, 868.)  Plaintiffs have not identified any provision in their deed of trust or in the statutes governing nonjudicial foreclosure sales that would authorize a trustee to conduct a sale of the property after it was already sold in a judicial foreclosure action.  They have not pointed us to any provision authorizing the trustee to conduct some other type of proceeding to allow a junior lienholder, who was omitted from the prior judicial foreclosure action, to exercise his equity of redemption in the absence of a trustee's sale of the property.  Consequently, we find no support for the proposition that the power of sale in plaintiffs' deed of trust survived the judicial foreclosure sale and may still be exercised despite the previous sale of the property to satisfy the Weinsteins' obligation under plaintiffs' promissory note and deed of trust.

We also find no support for the proposition that, after the statute of limitations has run on the debt, and the lien of the deed of trust has been extinguished, a party may invoke the assistance of the court to effectively substitute a quiet title action for a trustee's sale.  Plaintiffs deny that the trial court purported to act as a trustee under the deed of trust or effectively conducted a nonjudicial foreclosure sale in that capacity.  Yet they contend the trial court correctly applied the 60-year limitation period, which, in the absence of extension or tolling of the usual statute of limitations on a foreclosure action,

---

**7**     The trial court in the judicial foreclosure action did not make a deficiency award to plaintiffs, because plaintiffs did not make a timely request for a deficiency judgment.

20

applies only to a nonjudicial foreclosure sale. Plaintiffs seem to contend a second foreclosure action or a quiet title action having the same effect is a recognized equitable remedy by which a senior lienholder can dispose of a junior lien that was inadvertently omitted from the prior foreclosure action. They cite *Carpentier* and *Diamond* in support.

*Carpentier* and *Diamond* recognized that a senior lienholder could bring a subsequent foreclosure or quiet title action against a junior lienholder, in the event the junior lienholder was omitted from the senior lienholder's initial foreclosure action. Neither case, however, addressed the effect of the expiration of the statute of limitations on the senior lienholder's subsequent action. In *Frates*, the Supreme Court addressed that issue. It held the senior mortgagee, who had omitted the junior mortgagee from his prior foreclosure action and had purchased the property at the prior sale, was barred by the expiration of the statute of limitations from raising his senior interest as a defense in the junior mortgagee's subsequent foreclosure action. (*Frates*, *supra*, 144 Cal. at pp. 249-250.) The effect of these three cases is that the senior lienholder, whose foreclosure action omitted a junior lienholder, may bring a second foreclosure action or a quiet title action to complete the foreclosure and dispose of the junior lien, but the action must be commenced during the limitations period applicable to foreclosure actions. Additionally, all three cases addressed judicial actions to foreclose or quiet title; none addressed the effect of a power of sale in the deed of trust.

We do not believe the court can avoid the effect of Civil Code section 2911 by purporting to equitably exercise the power of sale in the senior deed of trust to foreclose the junior lienholder's equity of redemption. Civil Code section 2911 bars use of the court's power to enforce the lien of a deed of trust after the statute of limitations has expired on the debt. A quiet title proceeding in court that has the effect of foreclosing against the omitted junior lienholder is a court proceeding barred by that statute.

"A fundamental maxim of jurisprudence is that equity must follow the law. [Citation.] Equity is bound by rules of law; it is not above the law and cannot controvert the law. [Citation.] Equity penetrates beyond the form to the substance of a controversy, but is nonetheless bound by the prescriptions and requirements of the law. [Citation.]

21

While equitable relief is flexible and expanding, its power cannot be intruded in matters that are plain and fully covered by positive statute. A court of equity will not lend its aid to accomplish by indirect action what the law or its clearly defined policy forbids to be done directly." (*Barrett v. Stanislaus County Employees Retirement Assn.* (1987) 189 Cal.App.3d 1593, 1608.)

In substance, plaintiffs' quiet title action was aimed at completing the prior judicial foreclosure that omitted defendant and failed to eliminate his interest in the property. The expiration of the applicable limitations period and extinguishment of the lien of the deed of trust barred any judicial action to foreclose at the time the quiet title action was commenced. The court cannot ignore the limitations period prescribed by the Legislature for judicial actions to foreclose against a trustor and junior lienholders, and equitably substitute in its place the limitations period prescribed for the trustee's exercise of the power of sale in the deed of trust. (See *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395 [the statute of limitations "operates conclusively across the board, and not flexibly on a case-by-case basis"].) Accordingly, we conclude the trial court cannot exercise the trustee's power of sale and the statute of limitations bars any judicial action, including this quiet title action, to enforce plaintiffs' rights under their deed of trust against defendant.

## C. Conclusion

We conclude the trial court erred in applying the 60-year statute of limitations of Civil Code section 882.020 to this quiet title action to foreclose under plaintiffs' deed of trust and eliminate the junior lien of defendant's deed of trust from the property. The four-year (§ 337, subd. (a)) or six-year (Comm. Code, § 3118, subd. (a)) period for bringing a judicial action to foreclose expired, and the lien of the deed of trust was extinguished (Civ. Code, § 2911) before plaintiffs filed this action. The 60-year period prescribed by Civil Code section 882.020 applied only to the time for conducting a trustee's sale of the property under the power of sale in plaintiffs' deed of trust. Plaintiffs did not, and could not, pursue a trustee's sale. Title to the property was transferred to the buyer at the judicial foreclosure sale, and the trustee did not retain any title that could be

22

transferred in a subsequent trustee's sale.  Plaintiffs' action is barred by the statute of limitations.

## **DISPOSITION**

The judgment is reversed.  The trial court is directed to vacate its judgment and enter a new judgment in favor of defendant on the complaint and the cross-complaint. Defendant is entitled to his costs on appeal.

SMITH, J.

WE CONCUR:


HILL, P.J.


FRANSON, J.